UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YOURK
-----------------------------------------------------------------------x
LEO BORRERO,                                      :
                                                  :
                    Plaintiff,         :        **08 CV 5869 (HB)**
                                                  :        **OPINION & ORDER**
    -against-                                   :
                                                  :
RUPPERT HOUSING CO., INC.                         :
                                                  :
                    Defendant.         :
-----------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**

Plaintiff Leo Borrero ("Borrero" or "Plaintiff") brings this action *pro se* against his former employer Ruppert Housing Co., Inc. ("Ruppert Housing" or "Defendant") alleging discrimination and retaliation on the basis of national origin and disability in violation of *inter alia* Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* ("Title VII").[1] Defendant moves to dismiss the complaint pursuant to Fed. R. Civ. Pro. 12(b)(6) and, in the alternative, to dismiss the action pursuant to Sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §1 *et seq* ("FAA") based on the mandatory arbitration provision of the collective bargaining agreement to which Borrero was subject. Because the collective bargaining agreement clearly and unmistakably requires Borrero to arbitrate his claims, the Supreme Court's decision in *14 Penn Plaza LLC v. Pyett*, 129 S.Ct. 1456 (2009), controls and Borrero's complaint is dismissed without prejudice.[2]

## BACKGROUND

---

[1] Plaintiff's complaint makes use of the form "Complaint For Employment Discrimination" made available to litigants by this District's Pro Se Office. Plaintiff checked the box to indicate that his action is brought pursuant to Title VII but did not so indicate with respect to any of the other employment statutes listed on the form. However, elsewhere in the complaint he specifies that he believes he was discriminated on the basis of "disability or perceived disability" and the date that he was allegedly injured on the job. I must liberally construe Borrero's *pro se* pleadings, *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007)), and doing so I conclude that Borrero's failure to check the box to indicate that in this action he also asserts claims of discrimination and retaliation under the Americans with Disabilities Act does not, in and of itself, preclude Borrero from maintaining such claims under that statute. The other deficiencies of Borrero's pleading are addressed *infra* in note 3.

[2] Defendants initially moved to stay the action pending the Supreme Court's decision in *Pyett*, 129 S.Ct. 1456. In light of the Supreme Court's decision they now seek dismissal of the complaint because Borrero is required to arbitrate his claims.

1

From November of 1996 until September 2006 Borrero worked for Ruppert Housing in a building located on the Upper East Side of Manhattan. Borrero contends that he complained to management about, among other things, bonus, safety, and overtime issues and that he injured his back on the job in February of 2006.[3] After he was injured and his complaint to the union president went unanswered, Borrero filed a complaint with the Occupational Safety and Health Administration ("OSHA"). Borrero believes this caused Ruppert Housing to retaliate against him by assigning him work that was difficult to complete as a consequence of his injury. Borrero further contends that he was subjected to racial discrimination in connection with an incident in which he was cited for showing a "lack of respect" to a coworker shortly before he his employment was terminated.

Defendant contends, and Borrero does not dispute, that the terms and conditions of his employment were governed by a collective bargaining agreement between the Service Employees International Union, Local 32BJ, AFL-CIO (the "Union") and the Realty Advisory Board on Labor Relations ("RAB") to which Defendant is a party. *See* Affirmation of Howard Rothschild, dated Oct. 15, 2008, Ex. A ("CBA"). Following his termination, Borrero filed a grievance with the Union that challenged his discharge but did not assert claims of discrimination. That grievance led to an arbitration that concluded with a finding that Borrero had been discharged for "just cause."[4]

---

[3] Plaintiff's complaint is a truly bare-bones affair. In it, Borrero simply alleges that he "made a number of complaints against the company regarding the work ethics [sic] of coworkers and management," that his employment was terminated, that "the individual involved is of African Origin" and biased against Borrero on account of his "Spanish Origin." With respect to his claim of disability discrimination, Borrero specifies only a date: "2-27-2006." Reading his "Affirmation in Opposition" to Defendant's motion, it becomes clear that the date is that on which Borrero alleges he suffered the back injuries that give rise to his disability discrimination claims. The affirmation also adds some factual "meat" to the other portions of Borrero's skeletal complaint. Although Borrero's complaint does not appear to allege facts sufficient to state a claim, were his claims not subject to mandatory arbitration I would be inclined to construe his affirmation as a motion for leave to amend his original complaint to allege the facts set forth therein. *See Cruz v. Gomez,* 202 F.3d 593, 597 (2d Cir. 2000) (courts must interpret *pro se* pleadings "to raise the strongest arguments that they suggest.") However, because Borrero is required to arbitrate his claims there is nothing to be gained from so construing his affirmation. Accordingly, I mention the facts in the affirmation merely to set forth the basis for Borrero's claims and need not consider Defendant's motion to dismiss for failure to state a claim.

[4] Borrero has filed a separate action in this Court against the Union, alleging that the Union breached its duty of fair representation in connection with this arbitration. *See* No. 09 Civ. 1582 (BSJ). That action is pending before Judge Jones. Borrero has requested that Judge Jones and I "consider putting both cases together" because they "are about the same problem," which I construe as an application to consolidate the two cases. Although Rule 42(a) permits a court to consolidate multiple actions where they involve "common issues of law or fact," Fed. R. Civ. P. 42(a), district courts have "broad discretion" to balance

Borrero now asserts claims of national origin and disability discrimination against Ruppert Housing. The CBA expressly prohibits "discrimination against any present or future employee by reason of race, creed, color, age, disability, national origin, sex, sexual orientation, union membership, or any characteristic protected by law, including but not limited to claims made pursuant to Title VII . . . [and] the Americans with Disabilities Act." CBA at ¶ XVII.23. The CBA further provides that "all such claims shall be subject to the grievance and arbitration procedure ([set forth in] Articles V and VI) as sole and exclusive remedy for violations." *Id*.

## DISCUSSION

Defendant argues that Borrero's claims must be dismissed or stayed because the CBA unambiguously requires Borrero to arbitrate his claims. The Supreme Court's recent decision in *Pyett* compels me to agree. There the Supreme Court considered a collective bargaining agreement materially indistinguishable from that at issue here, and held that "a collective bargaining agreement that clearly and unmistakably requires union members to arbitrate ADEA claims is enforceable as a matter of federal law." 129 S.Ct. at 1474. It is clear that the Court's holding applies with equal force to Title VII claims. *See Id.*, at 1478 (Stevens, dissenting) (noting the "unquestionable applicability" of *Alexander v. Gardner-Denver*, 415 U.S. 36 (1974), a Title VII case, to the issue of arbitratabity of ADEA claim); *see also Lee v. City of Hartford/Hartford Public Schools*, 289 F.Supp.2d 25, 28 (D.Conn. 2003) ("[S]tatutory analyses under Title VII or the ADEA are generally interchangeable.") As a consequence, the FAA governs and I have no discretion but to direct the parties to proceed to arbitration. *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 844 (2d Cir.1987) ("By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.")

---

"considerations of judicial economy" when resolving motions for consolidation. *See, e.g., Weiss v. Friedman, Billings, Ramsey Group, Inc.*, No. 05 Civ. 4617(RJH), 2006 WL 197036, at *1 (S.D.N.Y. Jan. 25, 2006). I have reviewed the two complaints and find that consolidation of the two cases would not save judicial resources or promote efficient and economical resolution of the two disputes. Borrero's claim against the Union concerns the Union's discharge of its duty of fair representation in arbitration proceedings that did not concern alleged discrimination and may be properly asserted in this Court. *See, e.g.*, *Pyett*, 129 S.Ct. at 1473 (noting a union is subject to liability under the National Labor Relations Act if it breaches its duty of fair representation). In contrast, this case concerns discrimination claims which must be arbitrated. Finally, for all intents and purposes this matter will no longer be on my docket and the only remaining case will be the one before Judge Jones. Consequently, I DENY Borrero's application for consolidation of the two cases.

Pursuant to Section 3 of the FAA, 9 U.S.C. § 3, a district court must stay an action that is subject to arbitration until the arbitration is complete. However, "courts have the discretion to dismiss—rather than stay—an action when *all* of the issues in it must be arbitrated," *Milgrim v. Backroads, Inc.*, 142 F.Supp.2d 471, 476 (S.D.N.Y. 2001) (emphasis added), and here the CBA compels Borrero to arbitrate *all* of the claims he asserts in his complaint. As a consequence "'no useful purpose will be served by granting a stay of these proceedings.'" *White v. Cantor Fitzgerald, L.P.* No. 07 Civ. 8006 (DAB), 2008 WL 5429648, *6 (S.D.N.Y. Dec. 23, 2008) (quoting *Berger v. Cantor Fitzgerald Secs.*, 967 F.Supp. 91, 96 (S.D.N.Y. 1997)).

I dismiss the complaint without prejudice, however, because if Borrero is prevented by the Union from arbitrating his claims, the CBA's arbitration provision will not be enforceable. *Kravar v. Triangle Services, Inc.*, No. 06 Civ. 7858 (RJH), 2009 WL 1392595, *3 (S.D.N.Y. May 19, 2009) (considering two-step grievance and arbitration procedure substantially identical to that created by the CBA and holding that *Pyett* expressly provided for an exception to the enforceability of a union-negotiated arbitration agreement where the union prevents a member from arbitrating her disability discrimination claims). Should Borrero's attempts to arbitrate his claims be thwarted by the Union, the CBA will have operated as a "substantive waiver" of his statutorily created rights and he will have the right to re-file his claims in federal court. *Id.* (citing *Pyett*, 129 S.Ct. at 1474).

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the complaint in favor of arbitration is GRANTED and the parties are directed to proceed expeditiously to arbitration. Borrero may seek arbitration of his dispute by filing a grievance with the Union. Should he choose to do so, I trust the grievance will be taken seriously and allowed to proceed to arbitration to avoid the necessity of further action in this Court to ensure that Borrero receives a full and fair opportunity to vindicate his federally protected civil rights. *See Kravar*, 2009 WL 1392595 at *3. The Clerk of the Court is directed close this and any other open motions and to DISMISS this case WITHOUT PREJUDICE.

SO ORDERED
June __, 2009
New York, New York

U.S.D.J.

4